

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,396-01

**EX PARTE BRYAN SCOTT HORTON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 7125-A IN THE 27TH DISTRICT COURT
## FROM LAMPASAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant, who was a juvenile at the time of this offense, was certified to stand trial as an adult, and was subsequently convicted of murder and sentenced to forty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Horton v. State*, 78 S.W.3d 701 (Tex. App. — Austin, May 31, 2002) .

Applicant contends, among other things,[1] that the attorney who represented him during the

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

transfer proceedings, at trial and on direct appeal rendered ineffective assistance because counsel did not object to errors in the transfer proceedings and did not raise those errors on direct appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, counsel shall state whether the juvenile court's waiver of jurisdiction and order of transfer to the criminal court was supported by adequate findings of fact as required by TEX. FAM. CODE § 54.02, and if not, why counsel did not object. Counsel shall also state whether Applicant was personally served with a summons and copy of the petition as required by TEX. FAM. CODE § 53.06. Counsel shall state whether there were any issues relating to the transfer proceedings which could have formed the basis for an appeal from the transfer, and if so, why counsel did not raise those issues in the appeal from Applicant's conviction as required by TEX. CODE CRIM. PROC. art. 44.47. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

Because Applicant's conviction in this case was final in 2002, but he did not file this application until approximately thirteen years later, there is a possibility that Applicant's claims may be precluded by laches. However, because the record is silent on the circumstances that may excuse this substantial delay, we reserve judgment as to whether laches bars Applicant's request for relief

3

until he is given an opportunity to explain his delayed application. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). The trial court shall provide Applicant with the opportunity to explain his delay in seeking habeas relief, and thereafter the trial court shall make findings of fact and conclusions of law as to whether Applicant's claims should be barred by laches. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 29, 2015
Do not publish